**Craig Thomas BATES, Plaintiff–Appellant,**

v.

**Michael J. SULLIVAN, et al., Defendants–Appellees.**

No. 00–2485.

United States Court of Appeals, Seventh Circuit.

Submitted April 23, 2001.*

Decided April 24, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Craig Thomas Bates, a black Wisconsin prisoner, filed this suit under 42 U.S.C. § 1983 alleging violations of his First, Eighth, and Fourteenth Amendment rights. The district court dismissed two of Bates's claims for failure to exhaust administrative remedies and then granted summary judgment to the defendants on the other claims. Bates appeals and we affirm.

Although in the district court Bates asserted numerous violations of his rights by prison officials, only four of his claims are pursued on appeal. First, Bates claimed that a Sergeant T. Schmidt targeted him for retaliation because he helped another inmate defend theft charges at a disciplinary hearing. Bates alleged that in the two months after the hearing Schmidt filed three false disciplinary reports against him and twice forged the prison's disciplinary log to make it appear that he owed 36 hours of work duty from disciplinary sanctions. Bates acknowledges that one of the disciplinary reports was dismissed, and he never denies the state's contention that he was found guilty of the conduct described in the other two. Bates filed two inmate grievances about the disciplinary reports and two more about the disciplinary log. The prison's complaint examiner rejected Bates's grievances relating to the false disciplinary reports on the theory that a conduct report that has not yet been resolved at a disciplinary hearing is outside the scope of Wisconsin's inmate complaint review system. *See* Wis. Admin. Code § DOC 310.08(2)(a). The examiner told Bates to raise his claims of retaliation at his disciplinary hearings. The complaint examiner rejected Bates's grievances about the disciplinary log because the false entries were removed as soon as Bates informed a supervisor on duty. Bates's administrative appeals of these decisions were not lodged until after he filed this suit and were dismissed as untimely.

Bates's second claim was that he was denied equal protection when he was punished more severely than white inmate Billy Walker after a December 1997 altercation between the two. Bates alone was transferred to a different unit of the prison after the fight and though both inmates were confined to their cells for 10 days, Bates also received a five-day extension of his mandatory release date compared to Walker's 40 hours of extra work.

Bates's third claim was that guard James Stern was deliberately indifferent to his serious medical needs when Stern on a single occasion refused to give Bates his asthma inhaler. Bates alleged that on January 1, 1998 he began experiencing difficulty breathing and so "several times" asked Stern for his asthma inhaler. Stern allegedly refused to give Bates the inhaler and called Bates "several degrading and discriminatory names." Stern finally gave Bates an inhaler 1–1/4 hours after Bates's initial request, but it was the wrong inhaler and Bates suffered "headaches and shortness of breath" as a result of the incident.

Bates's final claim was that Michael Sullivan, the Secretary of the Wisconsin Department of Corrections, retaliated when

Bates lodged complaints of race discrimination in the prison with a Wisconsin state representative. Bates asserts that Sullivan referred Bates's name to the program review committee for transfer to an out-of-state prison to punish him for complaining, and that the committee decided to transfer him.

Bates filed suit in March 1998. In June 1998 the district court dismissed his retaliation claims against Sergeant Schmidt and Sullivan because Bates failed to exhaust those claims through the administrative appeal process. In May 2000 the district court granted summary judgment to the defendants on the equal protection and deliberate indifference claims.[1] The court rejected Bates's equal protection claims under *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), and *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because his punishment had not been overturned. The court granted summary judgment to Stern on the deliberate indifference claim because Bates failed to present any evidence that he had a serious medical need.

■ Bates argues here on appeal that the district court wrongly rejected his retaliation claim against Schmidt because, according to the complaint examiner, grievances concerning unresolved disciplinary charges fall outside the scope of the prison's complaint review system. Bates is correct that he would not have needed to exhaust his retaliation claim had there been no administrative process available in which he could raise it. *See* 42 U.S.C. § 1997e(a). There was, however, an administrative process for Bates to exhaust.

While Bates could not file a grievance over a disciplinary report "that has not been resolved through the disciplinary process," Wis. Admin. Code § DOC 310.08(2)(a), he was required to filed an inmate complaint after the disciplinary process ended in order to exhaust his administrative remedies, *see* Wis. Admin. Code § DOC 310.04, 310.08(3). The record demonstrates that Bates never filed grievances after the disciplinary reports against him were resolved. Bates's failure to do so required the dismissal of those claims. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir.1999).

Bates also challenges the district court's dismissal of his retaliation claim against Sullivan, asserting that there was no administrative process for him to exhaust. Bates, however, does not identify any part of Wisconsin's inmate complaint review system that exempts from its coverage Bates's claim of retaliation. Bates did not file any inmate grievance about this alleged retaliation and therefore his claim against Sullivan was properly dismissed. *See id.*

■ As for his equal protection claim, Bates says he is not challenging the discipline he received for fighting with Walker, only the allegedly discriminatory conduct that led to the disparity in punishment. A finding that the defendants discriminated against Bates in punishing him, however, would necessarily imply the invalidity of his punishment, and therefore Bates's equal protection claim is barred under *Balisok* and *Heck.*

---

1. Bates argues that the district court did not have jurisdiction to grant summary judgment because he had a petition for a writ of mandamus pending before this court at the time of the district court's ruling. Bates's petition, which was filed on May 1, 2000, was dismissed by this court in January 2001 after Bates failed to pay the filing fee (which he has since paid). Bates's argument fails because a petition for a writ of mandamus does not deprive a district court of jurisdiction over the underlying case. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1415 (5th Cir.1995).

Finally, Bates argues that the district court erred in granting summary judgment to Stern on his deliberate indifference claim, noting that his medical records document that he suffers from, and receives medication for, asthma. Bates, however, failed to present any evidence of deliberate indifference to a serious medical need on the part of Stern. While asthma, depending on its degree, may be a serious medical condition, *see Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir.2001), there is no evidence in this record that Bates was suffering a serious asthmatic attack when Stern allegedly refused to give him an inhaler. The medical records Bates submitted make no reference to the January 1 incident, and Bates alleged only that he was suffering breathing problems when he requested his inhaler and that he suffered shortness of breath and headaches from the incident. These symptoms are not serious enough to implicate the Eighth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (breathing problems, chest pains, dizziness, sinus problems, headaches are "not sufficiently serious to be constitutionally actionable"); *Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir.1996).

For the foregoing reasons we AFFIRM the dismissal of Bates's claims against Schmidt and Sullivan and the grant of summary judgment to the other defendants.